UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES G. FELTS,

    Plaintiff,

v.

DOUG WADDINGTON, *et al.*,

    Defendants.

Case No. C05-5818RBL

REPORT AND RECOMMENDATION

Noted for June 16, 2006

    This matter comes before the court on plaintiff's motion for a restraining order from the court (Doc. 40). Defendants have appeared, and while it does not appear that plaintiff properly served defendants with a copy of his motions, defendants have responded to the request for injunctive relief. After carefully reviewing the matter, the Court should deny plaintiff's request for a temporary restraining order or preliminary injunction.

## DISCUSSION

    Rule 65(b) of the Federal Rules of Civil Procedure states, "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney <u>only</u> if . . . it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result . . .." Fed R. Civ. P. 65(b) (emphasis added). The basic function of injunctive relief is to preserve the *status quo ante litem* pending a determination of the action on the merits. <u>Los Angeles Memorial Coliseum Com'n v. National Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative."

<u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

<u>Id</u>. (citations omitted).  In order to obtain injunctive relief, the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention.  <u>Caribbean Marine Services Co. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988).

Here, Plaintiff named a number of individuals that he is seeking the TRO against, including police, sheriffs, state patrol, FBI, CIA, Secret Service and all Department of Corrections officials.  Plaintiff appears to be requesting a TRO against the Department of Corrections (DOC) from requiring him to have 12 months of supervision once he's released.  He further requests a TRO to keep officials away from his friends and all of his property upon his release, with his belongings placed in a clear plastic bag and sealed with tape until his trial.

Mr. Felts has not alleged any irreparable injury in his pleadings.  The majority of his requests appear to address potential problems he may feel he will experience once released from DOC.  He also has not shown any irreparable injury by requesting DOC to stay away from his friends.  Plaintiff has not shown any irreparable injury.  Plaintiff also fails to raise any issues in his motion that are at issue in his Complaint.  He does not allege or show that he would be able to succeed on the merits of his claims.

## CONCLUSION

Based on the foregoing discussion, I recommend that the Court DENY plaintiff's motion for injunctive relief (Doc. 40).  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 16, 2006**, as noted in the caption.

DATED this Wednesday, May 24, 2006.

                      */s/ J. Kelley Arnold*
                      J. Kelley Arnold
                      United States Magistrate Judge