UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES G. FELTS,

    Plaintiff,

v.

DOUG WADDINGTON, *et al.*,

    Defendants.

Case No. C05-5818RBL

ORDER RENOTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The court, having reviewed the record does hereby find and ORDER:

1. Pending before the court are two dispositive motions: (i) Plaintiff's motion for summary judgment (Doc. 56), filed on or about July 17, 2006, and (ii) Defendants motion for summary judgment (Doc. 59), filed on July 31, 2006. The court notes Defendants' motion and supporting pleadings did not advise the pro se plaintiff as required by the Ninth Circuit. While the court's order directing service noted the requirements, out of an abundance of caution and in order to make it perfectly clear to Plaintiff what is required Plaintiffs shall note:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and

documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

<u>Rand v. Rowland</u>, 154 F.3d 952, 962-963 (9th Cir. 1998).  Accordingly,  **Defendants' motion for summary judgment, along with Plaintiff's dispositive motion is renoted for consideration on October 13, 2006.  Plaintiffs opposition brief, along with the required declarations or other sworn statements, shall be filed not later than Tuesday, October 10, 2006.**

2.  The clerk is further directed to send copies of this Order to plaintiffs and to counsel for defendants.

DATED this 18th day of September, 2006.

/s/ J. Kelley Arnold
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 2