UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES G. FELTS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DOUG WADDINGTON, *et al.*,<br><br>　　　　　　　　Defendants. | Case No.  C05-5818RBL<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for November 10, 2006 |

This matter comes before the court on Defendants' motion for summary judgment (Doc. 59) and Plaintiff's "dispositive motion" (Doc. 56).  Plaintiff has requested oral argument on these matters.  The court does not find oral argument necessary.  After carefully reviewing the record, the undersigned recommends that the Court grant summary judgment in favor of Defendants and dismiss plaintiff's complaint and causes of action.

## FACTUAL AND PROCEDURAL BACKGROUND

The Complaint in this case was submitted by Plaintiff, Charles Felts, on or about December 20, 2005, along his application to proceed in forma pauperis ("IFP"), without paying the filing fee.  Plaintiff's IFP application was granted on January 20, 2006, and the clerk was directed to serve the Complaint on defendants.  Mr. Felts alleges the following facts in his Complaint:

> An officer Rydman whom I have never seen before! (I've been here five years). States a shank fell out of my socks when searching my property in my cell G1-A12-L here at Stafford Creek.  There was no shank or anything else there except for some Naproxin for my arthritis that another inmate gave me, who will remain unnamed!  The I&I investigator's told me it was a toothbrush with a razor blade ----ed into the handle!  At the hearing all of a

1  sudden it became a razor handle with a blade wedged in it.  Not mine!  If it was mine I
2  would claim it, no finger prints were taken as far as I know if they were , not my
   fingerprints on the razor handle or blade.  My house was searched on 11-15-05, my
3  property was not searched until 11-24-05 after I filed the grievance stating I had some
   Naproxin there & razor blades, they found the pills & two razors with no handles (1 three
4  (3) blade)(1 two (2) blade).  No other blades were found!  When I asked to have this charge
   brought against me be put in court on the street that was denied.  They the (I&I) said --.
5  All we need is 51%.  What ever that means!  They have no grounds for any of this except
   for the appeal I filed with the Supt. Back in Aug. '05 which I never got an answer back on.
6  Appeal stating they cannot infract me for failing to program, or refusing to go to school.
   (I'm 63 years old), or refusing to work, as they are not on my J&S, so infract the Idiot
7  counselors, as I try to avoid them, I don't like idiots!  Thank you!  The only reason they
   found the pills was because I stated I had them in the grievance!

8  Complaint (Doc. 14) at 3.  The Complaint names four defendants: Doug Waddington, the prison's

9  superintendent; Mr. Karlow, the superintendent's designee; Ruben Rivera, the I&I investigator; and Lt.

10  Haley, the hearings officer.

11  Plaintiff filed a "dispositive motion" (Doc. 56), received by the court on July 17, 2006.  Plaintiff's

12  motion seeks a jury trial, without judges, magistrate judges, or attorneys.   On July 31, 2005, Defendants

13  filed the motion for summary judgment (Doc. 59).  Defendants argue: (i) Plaintiff has failed to state a

14  cognizable claim; (ii) Plaintiff has failed to show that his due process rights were violated; (iii) Plaintiff's

15  claims are precluded by Edwards v. Balisok and Heck v. Humphrey; (iv) Plaintiff has failed to allege

16  personal participation of defendants; and (v) Plaintiff's has not alleged sufficient facts or arguments

17  necessary to support his request for injunctive relief.  On September 18, 2006, the court reviewed the

18  record and advised Plaintiff as required by Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998).  *See*

19  Doc. 66.

20  DISCUSSION

21  A complaint is frivolous when it has no arguable basis in law or fact.  Franklin v. Murphy, 745 F.2d

22  1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete

23  defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of

24  process under 28 U.S.C. § 1915(d).  Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin

25  v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).    A plaintiff must allege a deprivation of a federally

26  protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983.  Baker v. McCollan, 443

27  U.S. 137, 140 (1979).  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l)

28  the conduct complained of was committed by a person acting under color of state law and that (2) the

1  conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the
2  United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v.
3  Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if
4  both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert.*
5  *denied*, 478 U.S. 1020 (1986).  Section 1915(e) of the PLRA requires a district court to dismiss an *in*
6  *forma pauperis* complaint that fails to state a claim.  28 U.S.C. § 1915; Barren v. Harrington, 152 F.3d
7  1193, 1194 (9th Cir.1998).

8        After reviewing the pending motions and the balance of the record, the court finds the complaint
9  does not present a cognizable claim, and Plaintiff's complaint and causes of action should be dismissed.
10 The Complaint clearly fails to provide a constitutional basis upon which relief could be granted.  The
11 search of Mr. Felts cell does not provide a basis for a violation of his federal constitutional rights.  Inmates
12 have no reasonable expectation of privacy in their cells or their possessions inside their cells.  Hudson v.
13 Plamer. 468 U.S. 517, 525-526, 104 S.Ct.3194, 3199-3200 (1984); *see also* Mitchell v. Dupnik, 75 F.3d
14 517  (9th Cir. 1996)(where the Ninth Circuit held that jail officials did not violate a prisoner's constitutional
15 rights by searching an inmate's legal papers in his cell outside the presence of the inmate).  Moreover,
16 Plaintiff admitted that the Naproxin pills were in his sock, and he does not challenge the seizure of the pills
17 as unauthorized contraband.  Prison officials have a legitimate interest in not allowing contraband to be
18 circulated or exchanged between prisoners.

19       Arguably, Mr. Felts raises an issue of due process when he was infracted by prison officials for
20 having a shank with a razor blade wedged into its handle, which was found in the cell search.  Mr. Felts
21 strongly denies that the shank was his, but nonetheless he was given a hearing to present his testimony and
22 he was given an opportunity to appeal that decision to the Superintendent.  Regardless, the court is
23 prohibited from entertaining such a claim under Edwards v. Balisok, 520 U.S. 641, 649 (1997) and Heck
24 v. Humphrey, 512 U.S. 477, 487 (1997).  These two cases state that a prisoner may not bring a 42 U.S.C.
25 § 1983 claim for damages if a judgment in his favor would "necessarily imply the invalidity of the
26 punishment imposed" at a prison disciplinary hearing.  Here, Mr. Felts did not properly challenge the
27 infraction and he has not been exonerated at any level for the possession of the pills or the shank found in
28 his personal belongings by the custodial officer.

REPORT AND RECOMMENDATION
Page - 3

Finally, Plaintiff alludes to the cell search as possibly a retaliatory action to his earlier filing of a grievance dealing with refusal to program or attend school classes in prison. To state a claim for retaliation, a plaintiff "must allege both that the type of activity he engaged in was protected under the constitution and that the state impermissibly infringed upon his right to engage in the protected activity." Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). As explained above a cell search is not an action taken by prison officials that impermissibly infringed on Plaintiff's rights to engage in the filing of grievances. In fact the record shows that Plaintiff filed a grievance related to the cell search.

## CONCLUSION

For the reasons outlined above the undersigned recommends **GRANTING** summary judgment in favor of Defendants. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 10, 2006**, as noted in the caption.

DATED this 20th day of October, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge